IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal No. 5:12-CR-28

MICHAEL STEVEN FRANK,

    Defendant.

## PLEA AGREEMENT

1. Introduction

   a. All references to the "defendant" in this plea agreement refer to Michael Steven Frank.

   b. All references to the "Guidelines" refer to the Guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended. The defendant has been advised and understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that while the Court will consider the advisory guideline level, it may impose a sentence below or above the advisory guideline range, so long as that sentence is within the statutory maximum.

2. Waivers of Indictment, Statutes of Limitation, Appellate and Collateral Attack Rights, and Blakely/Booker

   a. The defendant, preferring to be charged in an Information, waives the right to have this case presented to a federal grand jury.

   b. Defendant waives any rights established in the *Blakely* and *Booker* progeny of cases, and agrees that the Court will make factual determinations for sentencing, including any enhancements and relevant conduct for determining an advisory guideline range by a preponderance of the evidence standard.

_____       Aug 24, 2012
Defendant                                  Date Signed

_____       8/24/2012
Defendant's Attorney                 Date Signed

    c. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed, as well as the underlying conviction. Acknowledging this, if the period of incarceration falls in Guidelines level ~~28~~ 25 or below, the defendant knowingly waives the right to appeal the conviction, including the period of incarceration, the period of supervised release, any fine and forfeiture (and the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence (or the manner in which it was determined) in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255.

[handwritten initials in margin: JV, MSF, MDS]

    d. The United States waives its right to appeal any sentence of incarceration falling within Guidelines level 25, or above, the period of supervised release, and any fine.

3.     The Plea

    a. The defendant will plead guilty to:

| Count | Charge |
|---|---|
| i. 1 | Conspiracy in violation of 18 U.S.C. § 371 |
| ii. 2 | Money Laundering in violation of 18 U.S.C. § 1956(a)(2)(A) |

and persist in such plea through sentencing.

    b. The maximum penalty that may be imposed as a result of this agreement is:

| | Count | Sentence | Supervised Release | Fine |
|---|---|---|---|---|
| i. | 1 | 5 years | 3 years | $250,000 |
| ii. | 2 | 20 years | 5 years | $500,000 |

    c. The Court may also order that the defendant pay restitution and any costs of imprisonment, probation, and supervised release.

_[signature]_                       Aug. 24, 2012
Defendant                            Date Signed

_[signature]_                       8/24/12
Defendant's Attorney                Date Signed

    d. The penalty also includes forfeiture of defendant's interest in all property falling within the ambit of the Forfeiture Allegation included in the charging instrument.

In addition, the defendant understands the Court will impose a special assessment of $100.00 for each felony conviction, and the defendant agrees the special assessment will be satisfied in full by a certified check or by a money order, made payable to the United States District Court Clerk, and delivered to the United States District Clerk at or immediately prior to the sentencing hearing.

4. <u>Cooperation By Defendant</u>

The defendant will be completely forthright and truthful with Federal officials in the Northern District of West Virginia with regard to all inquiries made of him and will give signed, sworn statements and Grand Jury and trial testimony relative thereto. The defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

5. <u>Dismissal of Indictment</u>

The United States will move to dismiss without prejudice the Indictment pending in case number 5:12CR24.

6. <u>Sentencing Hearing Provisions</u>

    a. There has been no representation whatsoever by any agent or employee of the United States or any other law enforcement agency or the defendant's attorney regarding what the final sentence will be. The defendant understands that sentencing is within the sole discretion of the Court.

    b. This agreement includes **non**-binding recommendations by the United States, pursuant to Rule 11(c)(1)(B), F.R.Cr.P.; however, the defendant understands that the Court is **not** bound by these sentencing recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow any sentencing recommendation set forth in this plea agreement.

_____       Aug 24, 2012
Defendant       Date Signed

_____       8/24/2012
Defendant's Attorney       Date Signed



    c. Except as **expressly** set forth below, the United States is free to make any recommendation with respect to sentencing. If the special assessment is paid at or prior to the sentencing hearing, **and if in the sole judgment of the United States Attorney's Office the defendant has been fully cooperative and not withheld any information**, the United States will make the following **non-binding** recommendations:

        i. In the event that the probation officer recommends a two (2) level reduction for acceptance of responsibility, the United States will concur in the recommendation, and – if the defendant is eligible – the government will also recommend a one (1) level reduction for timeliness. Otherwise, the United States will remain silent on the issue.

        ii. The United States will recommend that the defendant be sentenced at the lower end of the Guidelines range determined by the Court to be applicable, to the minimum fine, and to the minimum period of supervised release.

    d. In making the determination of whether the defendant has been fully truthful and cooperative and has not withheld any information, the United States Attorney's Office shall not be bound by the result of any polygraph examination.

    e. At sentencing, the United States will advise the Court of its opinion regarding the defendant's forthrightness and truthfulness, and ask the Court to give the same such weight as the Court deems appropriate.

7. Forfeiture

The defendant agrees to forfeit the firearms identified in the Forfeiture Allegation of the Information, which the defendant stipulates were involved in the offense alleged in Count One. The defendant agrees to the entry of a forfeiture money judgment in the amount of $2,000, which the defendant stipulates was the amount involved in the offense alleged in Count Two.

_____    Aug 24, 2012
Defendant    Date Signed

_____    8/24/2012
Defendant's Attorney    Date Signed

8. Remedy For Perceived Presentence Misconduct

   If in the opinion of the United States, the defendant engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, or fails to comply with any provision of this plea agreement, the United States may void this agreement, and the defendant will **not** have the right to withdraw the plea.

9. Guidelines Computation

   a. Recognizing that the Court, with the aid of the presentence report, will determine the applicable Guidelines level and criminal history category, and is not bound by the view of the United States or the defendant, the parties believe that the defendant will be found to be a level 25 offender, calculated as follows:

   | | |
   |---|---|
   | 2S1.1/2M5.2(a)(1) Base Level | 26 |
   | 2S1.1(b)(2)(B) Specific Characteristics | + 2 |
   | 3E1.1 Acceptance of Responsibility | - 3 |
   | | 25 |

   b. The United States Attorney's Office and defense counsel are not aware of any factor warranting an increase of Guidelines level over counsel's projection.

10. Integration of Agreement

    The foregoing provisions constitute the entire plea agreement between the defendant and the United States of America. There are no other agreements, understandings, or promises between the parties.

11. Certification

    The defendant certifies that he has read the entire plea agreement and understands each provision contained in this agreement.

_____  
Defendant

_____  
Defendant's Attorney

Aug 24, 2012  
Date Signed

8/24/2012  
Date Signed

6

                                      UNITED STATES OF AMERICA
                                      WILLIAM J. IHLENFELD, II
                                      UNITED STATES ATTORNEY

Date: 8/27/2012

                            By:   _____
                                      Michael D. Stein
_____              Assistant United States Attorney
Defendant

                                      Aug 24, 2012
_____              Date Signed
Jay T. McCamic
Attorney for Defendant                        8/24/12
                                      Date Signed